LOKING, J.,
concurring:
Upon the facts I find in this case, the vessel was not contracted for, but was impressed into the service of the United States, under their right to take private property for public use. This entitled the petitioners, and subjected the United States,, to the indemnity limited by the Constitution; and this could not be altered by any subsequent contract, expressed or implied, between the quartermaster and the owners; for, if they could alter it at all, they might subject the United States to more as well as less than an indemnity; and I think the evidence shows no contract.
The indemnity would include the loss of the claimants by the destruction of their vessel, which has been paid for and settled; and also their loss by the detention of the vessel from their employment up to the time of her destruction, April 15,1866. For this detention they claim $15,760 as the unpaid balance due them for the detention of the vessel from October 1,1865, to April 15, 1866, at the rate of $80 per day; and on the evidence I think the claim is just. It is removed from our jurisdiction by the act of July 4, 1864.